United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN VRABEL, SOPHIE VRABEL,<br><br>    Plaintiffs,<br><br>  v.<br><br>WASHINGTON MUTUAL BANK, FA, et al.,<br><br>    Defendants                        / | No. C-09-1278 MMC<br><br>**ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED** |

      Before the Court is plaintiffs' complaint, filed March 24, 2009.

      Plaintiffs, who proceed pro se, seek an award of damages and injunctive relief based on the following allegations:

      (A) defendants "failed to follow Orders of the Superior Court and the Bankruptcy Court . . . to provide [p]laintiffs with monthly statement[s]";

      (B) defendants "deliberately post[ed] a Notice of Trustee Sale Notice [on] [p]laintiffs' door only two (2) days before the trustee sale date and without first posting a Notice of Default and Election to Sell"; and

      (C) defendants "fail[ed] to follow the new California Law regarding the lender's duty to attempt a workout prior to initiating foreclosure proceedings."

(See Compl. at 2:5-13.)

      Having read and considered the complaint, the Court finds it appropriate to direct

plaintiffs to show cause why the instant action should not be dismissed.

First, to the extent plaintiffs' complaint refers to defendants' acts having deprived plaintiffs of due process in violation of the Fourteenth Amendment, the complaint is subject to dismissal because plaintiffs do not allege that defendants, who are private parties, "engage[d] in a conspiracy or act[ed] in concert with state agents."  See Fonda v. Gray, 707 F.2d 435, 437 (9th Cir. 1983) (identifying limited circumstances under which private parties can be held liable for constitutional deprivation).

Second, to the extent plaintiffs' complaint refers to the "Truth in Lending Act," the complaint is subject to dismissal because the complaint does not include any facts implicating the Truth in Lending Act, which requires a lender to make certain disclosures at the time an offer of credit is extended.[1]  See, e.g., Jones v. E*Trade Mortgage Corp., 397 F.3d 810, 812-13 (9th Cir. 2005) (holding plaintiff stated claim under Truth in Lending Act, where plaintiff alleged lender failed to disclose terms on which credit was offered at time of offer).

Third, to the extent plaintiffs' complaint refers to alleged violations of state law, the complaint is subject to dismissal without prejudice because the parties are not diverse and, to the extent supplemental jurisdiction may exist, the Court declines to exercise such jurisdiction in light of plaintiffs' failure to allege any cognizable federal claim.  See 28 U.S.C. § 1367(c)(3).

Lastly, to the extent plaintiffs' complaint, by alleging defendants have failed to comply with orders issued by a state court and a bankruptcy court, may be asserting defendants are in contempt of said courts and/or that plaintiffs are entitled to specific performance of those orders, the complaint is subject to dismissal without prejudice to plaintiffs' presenting such claim(s) to the court(s) that issued the order(s) allegedly violated. See Hinduja v. Arco Products Co., 102 F.3d 987, 990 (9th Cir. 1996) (stating where plaintiff alleges in one court that defendant violated order issued by another court and seeks

---

[1] The complaint does not allege when defendants offered credit to plaintiffs.

"contempt sanctions" or "specific performance," court in which action is pending should "defer" to court that issued order).

Accordingly, plaintiffs are hereby ORDERED TO SHOW CAUSE, in writing and no later than April 17, 2009, why the instant action should not be dismissed, said dismissal to be without prejudice to plaintiffs' filing their state law claims in state court and without prejudice to plaintiffs' filing an action seeking contempt sanctions or specific performance of a court order in the court that issued the order plaintiffs allege has been violated by defendants.

**IT IS SO ORDERED.**

Dated: March 27, 2009

MAXINE M. CHESNEY
United States District Judge