IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN VRABEL, SOPHIE VRABEL,

Plaintiffs,

v.

JP MORGAN CHASE BANK, N.A. et al.,

Defendants
_______________________________________/

No. C-C-09-1278 MMC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE; VACATING HEARING**

Before the Court are defendants JP Morgan Chase Bank, N.A. ("Chase"),[1] and California Reconveyance Company's ("CRC") motion to dismiss plaintiffs' amended complaint ("AC"), and defendants' motion to strike, both filed June 24, 2009. Plaintiffs Martin and Sophie Vrabel have not filed opposition to either motion.[2] Having read and considered the papers filed in support of the motions, the Court deems the matters suitable for decision on the moving papers, VACATES the hearing scheduled for August 14, 2009, and rules as follows.

//

[1]Defendant JP Morgan Chase Bank, N.A., has appeared herein "for itself" and as "an acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver." (See Defs.' Mot. to Dismiss at 1:8-11.)

[2]Under the Local Rules of this District, plaintiffs' response was due no later than July 24, 2009. See Civil L.R. 7-3(a) (providing opposition "must be served and filed not later than 21 days before the hearing date").

**A. Motion to Dismiss**

The AC includes three causes of action arising under federal law, three causes of action arising under state law, and a cause of action titled "injunctive relief" by which plaintiffs appear to seek a remedy under both federal and state law. Defendants argue that each of plaintiffs' causes of action is subject to dismissal.

**1. Federal Claims**

**a. First Cause of Action ("Violation of RESPA")**

In their First Cause of Action, plaintiffs allege defendants violated the Real Estate Settlement Procedures Act ("RESPA"), by "failing to make and provide the required written disclosures" and by "making and collecting prohibited charges." (See AC ¶ 39).

Defendants argue plaintiffs' RESPA claim is barred by the statute of limitations. The Court agrees. Plaintiffs filed their initial complaint on March 24, 2009. Although the AC does not state when defendant failed to make disclosures, or "ma[de] and collect[ed]" improper charges (see id.), the AC alleges the loans on the subject real property were made in 1991 (see AC ¶¶ 17, 18), which events necessarily set the time of any violations alleged to have occurred in connection with the settlement. See 12 U.S.C. § 2601(b) (providing purpose of RESPA is "to effect certain changes in the settlement process for residential real estate"). Because the longest statute of limitations available under RESPA is three years, see 12 U.S.C. § 2614, plaintiffs' RESPA claims were barred well over a decade before plaintiffs filed their initial complaint in March 2009.

As noted, plaintiffs have failed to file opposition and, as a result, have not shown how they could amend to cure the above-referenced deficiency.[3] Nor is there any indication from the face of the AC how plaintiffs could allege a timely claim based on any violations of RESPA occurring in connection with loans settled in 1991.

//

---

[3]By order filed earlier in the action, plaintiffs were afforded leave to amend to cure the deficiencies noted in their initial complaint, which order gave rise to the instant amended pleading. (See Order Dismissing Complaint with Leave to Amend, filed April 28, 2009.)

Accordingly, the First Cause of Action is subject to dismissal without leave to amend.

**b. Second Cause of Action ("Violation of 15 USC Section 1692")**

In their Second Cause of Action, plaintiffs allege defendants violated certain provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA")

Defendants argue plaintiffs have failed to state a claim under any of the sections of the FDCPA referenced in the AC. The Court agrees.

First, the AC alleges defendants violated § 1692e(11) by "failing to provide a validation notice." (See AC ¶ 46.a.) Specifically, plaintiffs allege that defendants have not provided plaintiffs with "evidence" that defendants have an interest secured by plaintiffs' real property. (See AC ¶¶ 15, 30, 32-34.) Section 1692e(11), however, is not implicated by plaintiffs' allegation. Section 1692e(11) prohibits the failure of a debt collector to disclose "in the initial written [or oral] communication with [a] consumer" that the debt collector is "attempting to collect a debt and that any information obtained will be used for that purpose," see 15 U.S.C. § 1692e(11); the AC does not allege any defendant failed to make a disclosure required by § 1692e(11). Moreover, plaintiffs do not allege that any defendant has attempted to collect a debt. Although the AC alleges that Chase has "schedul[ed] [plaintiffs' real property] for [a] trustee sale" (see AC ¶ 13), foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA. See Trent v. Mortgage Electronic Registration Systems, Inc., 618 F. Supp. 2d 1356, 1360-61 (M.D. Fla. 2007) (citing cases).

Second, the AC alleges defendants violated § 1692e(10) by using "false or misleading representations or deceptive means to collect or attempt to collect a debt" (see AC ¶ 46.b), and that defendants violated § 1692f by using "unfair or unconscionable means to collect or attempt to collect [a] debt (see AC ¶ 46.c). As defendants point out, however, the AC fails to identify any alleged wrongdoing by a defendant in connection with an attempt to collect a debt. The Court agrees. As discussed above, plaintiffs' allegation that Chase has scheduled a trustee sale is, as a matter of law, insufficient to plead such a

claim.

Again, as noted, plaintiffs have not filed opposition to the instant motion, and, as a result, have failed to show how they could cure the above-referenced deficiencies. Moreover, because a foreclosure is not an attempt to collect a debt, further leave to provide additional facts concerning any attempt(s) to foreclose would be futile.

Accordingly, the Second Cause of Action is subject to dismissal without leave to amend.

**c. Seventh Cause of Action ("Violation of 15 USC Section 1611")**

In their Seventh Cause of Action, plaintiffs allege defendants violated 15 U.S.C. § 1611, which provides criminal penalties for certain violations of the Truth in Lending Act ("TILA"). Plaintiffs, however, cannot seek to recover criminal penalties in a civil action.

Defendants, who assume plaintiffs are seeking to recover civil penalties available for a violation of TILA, see 15 U.S.C. § 1640(a) (providing private cause of action against "creditor" for violation of TILA), argue plaintiffs cannot establish that any defendant is a "creditor" for purposes of TILA. The Court agrees.

A "creditor," for purposes of TILA, must be "the person to whom the debt arising from the consumer credit transaction is initially payable." See 15 U.S.C. § 1602(f). Here, plaintiffs allege that the loans at issue herein were initially made by "Great Western Savings Bank" in 1991 (see AC ¶¶ 17, 18); consequently, plaintiffs are not entitled to relief under TILA against any of the named defendants.

Accordingly, the Seventh Cause of Action is subject to dismissal without leave to amend.

**d. Fourth Cause of Action ("Injunctive Relief")**

In their Fourth Cause of Action, plaintiffs seek an order prohibiting a "non-judicial sale" of plaintiffs' real property that was scheduled by defendants for June 8, 2009. (See AC ¶ 52.) As it is not clear that such claim has become moot, the Court will address its

//

//

merits.[4] Plaintiffs allege they are entitled to an injunction prohibiting the foreclosure in light of defendants' "wrongful conduct." (See AC ¶ 53.) As discussed above, however, plaintiffs have failed to state any federal claim against defendants and have failed to show their entitlement to further amend their federal claims. Consequently, plaintiffs have failed to allege sufficient facts to establish their entitlement to any relief, let alone an injunction, under federal law.

Accordingly, to the extent the Fourth Cause of Action is based on the above-referenced alleged violations of federal law, the Fourth Cause of Action is subject to dismissal without leave to amend.

**2. State Law Claims**

Plaintiffs' Third, Fifth, and Sixth Causes of Action arise under state law, as does their Fourth Cause of Action to the extent said cause of action is based on alleged violations of state law. Plaintiffs allege the Court has supplemental jurisdiction over their state law claims. (See AC ¶ 1.)

Where, as here, all claims over which a district court has original jurisdiction have been dismissed, a court may decline to exercise supplemental jurisdiction over the remaining claims. See 28 U.S.C. § 1367(c)(3). Here, in light of the relatively early stage of the proceedings, the Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims, and, accordingly, will dismiss the state law claims without prejudice to plaintiffs' refiling such claims in state court.

**B. Motion to Strike**

In their motion to strike, defendants seek an order striking plaintiffs' prayer for punitive damages and for an award of attorney's fees. In light of the dismissal of the AC, defendants' motion to strike will be denied as moot.

//

//

---

[4] As noted, defendants filed the instant motion on June 24, 2009. Defendants do not state therein whether the foreclosure proceeded as scheduled on June 8, 2009.

**CONCLUSION**

For the reasons stated above:

1. Defendants' motion to dismiss is hereby GRANTED, as follows:

a. The First, Second, and Seventh Causes of Action, as well as the Fourth Cause of Action to the extent it is based on federal law, are hereby DISMISSED without leave to amend.

b. The Third, Fifth, and Sixth Causes of Action, as well as the Fourth Cause of Action to the extent it is based on state law, are hereby DISMISSED without prejudice to plaintiffs' refiling said claims in state court.

2. Defendants' motion to strike is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated: August 6, 2009

MAXINE M. CHESNEY
United States District Judge